IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DON LIA, MOBILE MANAGEMENT, LLC, and N.R. AUTOMOTIVE, INC., <br><br> Plaintiffs <br> – *against* – <br><br> MICHAEL SAPORITO and JESSE ARMSTEAD, <br><br> Defendants. | Case No. CV-11-3621 (SJF/ETB) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF WILLIS HONDA AND DAVID DAVIS FOR INTERVENTION AND CONSOLIDATION**

BRESSLER, AMERY & ROSS
A Professional Corporation
17 State Street
New York, New York 10004
(212) 425-9300
echase@bressler.com
Attorneys for W&D Imports, Inc.
  d/b/a Willis Honda and David Davis

On the Brief:
  Eric L. Chase
  Ronald J. Campione

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT AND STATEMENT OF FACTS ............................................. 1

LEGAL ARGUMENT ............................................................................................................... 4

    POINT I ............................................................................................................................... 4

        THE CASE FOR INTERVENTION BY WILLIS AND DAVIS IS MANIFEST: THE ALLEGATIONS IN BOTH CASES COVER THE SAME MATTERS; INTERVENORS HAVE A PROFOUND STAKE IN THE *LIA* LAWSUIT BECAUSE THEIR CLAIMS COULD BE IMPAIRED IN THEIR ABSENCE AND THE PRESENT PARTIES WILL NOT REPRESENT THE INTERESTS OF WILLIS AND DAVIS. ....................... 4

            A.    Timeliness .................................................................................................. 5

            B.    Interest in the Proceeding ........................................................................... 5

            C.    Likelihood of Impairment .......................................................................... 6

            D.    Intervenors Not Otherwise Protected ......................................................... 7

    POINT II .............................................................................................................................. 8

        THIS COURT, IN ITS DISCRETION, SHOULD PERMIT WILLIS AND DAVIS TO INTERVENE IN THIS CASE BECAUSE THERE ARE COMMON QUESTIONS OF LAW AND FACT, AND INTERVENTION WILL NOT UNDULY DELAY OR PREJUDICE THE ADJUDICATION OF THE ORIGINAL PARTIES' RIGHTS. ....................................................... 8

    POINT III ............................................................................................................................. 9

        THE *LIA* AND *WILLIS* LAWSUITS INVOLVE COMMON QUESTIONS OF LAW AND FACT. CONSOLIDATION UNDER FEDERAL RULE 42(a) IS APPROPRIATE TO AVOID UNNECESSARY COST OR DELAY. ...................................................................................... 9

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

                                                                                                                  Page(s)

**CASES**

*Bridgeport Guardians, Inc. v. Del Monte,*
   602 F.3d 469 (2d Cir. 2010)..................................................................................4, 5

*H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.,*
   797 F.2d 85 (2d Cir. 1986).........................................................................................6

*Home Ins. Co. v. Liberty Mutual Ins. Co.,*
   1990 U.S. Dist. LEXIS 15762 (S.D.N.Y. 1990).......................................................7

*Johnson v. Celotex Corp.,*
   899 F.2d 1281 (2d Cir. 1990)..................................................................................10

*N.L.R.B. v. Frazier,*
   144 F.R.D. 650 (D.N.J. 1992)...................................................................................4

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,*
   2010 U.S. Dist. LEXIS 44202 (N.D.N.Y. May 6, 2010).....................................4, 6, 7

*Oneida Indian Nation of Wis. v. State of N.Y.,*
   732 F.2d 259 (2d Cir. 1974), *cert. denied,* 474 U.S. 823 (1985)...............................7

*Restor-A-Dent Dental Labs., Inc. v. Certified Allied Prods., Inc.,*
   725 F.2d 871 (2d Cir. 1984)...............................................................................5, 6, 7

*The Louis Berger Group v. State Bank of India,*
   2011 U.S. Dist. LEXIS 89120 (S.D.N.Y. August 9, 2011) ...........................4, 6, 7, 8

*United States v. City of N.Y.,*
   198 F.3d 260 (2d Cir. 1999).......................................................................................8

*United States v. Int'l Bus. Mach. Corp.,* 62 F.R.D. 530 (S.D.N.Y. 1976).........................7

*Voilas v. Gen. Motors Corp.,*
   173 F.R.D. 389 (D.N.J. 1997)...................................................................................8

*W&D Imports, Inc. d/b/a Willis Honda v. Lia, et al.,*
   Case No. CV-11-4144 (E.D.N.Y. Aug. 25, 2011).............................................. *passim*

*W&D Imports, Inc. v. Lia,*
   Case No. CV-11-4144 (E.D.N.Y. Aug. 25, 2011).....................................................11

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,*
   922 F.2d 92 (2d Cir. 1990).........................................................................................4

**RULES & OTHER AUTHORITIES**

Fed. R. Civ. P. 24(a) .................................................................................................... 8

Fed. R. Civ. P. 24(a)(2) ......................................................................................... 1, 4, 6

Fed. R. Civ. P. 24(b) ................................................................................................. 1, 8

Fed. R. Civ. P. 42 .................................................................................................... 3, 10

Fed. R. Civ. P. 42(a) ................................................................................................. 1, 9

Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 1911 (2007) ........ 9

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Pursuant to Federal Rules of Civil Procedure 24(a)(2), 24(b) and 42(a), W&D Imports, Inc. d/b/a Willis Honda ("Willis") and David Davis move: (1) to intervene as party Defendants and Counter-Claimants/Cross-Claimants/Third-Party Plaintiffs in this matter ("the *Lia* Lawsuit"); and (2) to consolidate the *Lia* Lawsuit with *W&D Imports, Inc. d/b/a Willis Honda v. Lia, et al.*, Case No. CV-11-4144 (E.D.N.Y. Aug. 25, 2011) ("the *Willis* Lawsuit"), in which movants here are plaintiffs. Upon filing, the *Willis* Lawsuit disclosed the *Lia* Lawsuit as a related case. With this motion, their proposed pleading as Intervenors is submitted. *See* Affidavit of Ronald J. Campione, Exhibit "A".

Both litigations pend in this Court and arise out of the same facts; both focus on the same *res*; and both seek, *inter alia*, a determination of ownership interests in an automobile dealership and related realty in Hamilton, New Jersey. Both cases were recently filed. Issue has not yet been joined in either. In the *Willis* Lawsuit, Plaintiffs (Movants here) assert claims against all parties in the *Lia* Lawsuit, and their causes of action stem explicitly from sworn averments by Don Lia in the *Lia* Verified Complaint.

The gravamen of the *Lia* Lawsuit, according to Lia, is that he was and remains the majority owner of, and sole investor in, a New Jersey Honda dealership, and that his confederates, Saporito and Armstead, have reneged on their agreement with him. But Lia's allegations directly and forcefully contradict his testimony and that of Saporito and Armstead in a New Jersey administrative dispute, including appeals, in 2004-2006. For causes of action, the *Willis* Lawsuit rests substantially on Lia's factual assertions in the *Lia* Lawsuit.

The relief sought in the two actions needs uniform adjudication to assure against contradictory outcomes. The remedies sought, on the one hand, in the *Lia* Lawsuit and, on the

other, in the *Willis* Lawsuit, are incompatible. In all respects, the criteria for intervention are amply satisfied, as are the requirements for consolidation.

Hamilton Honda, a key focus of both actions, was at the center of a dispute in an administrative action ("Protest Action"), filed in 2004 by Willis Honda in New Jersey.[1] Willis sought to enjoin American Honda's establishment of the dealership, which was allegedly to be solely owned and operated by Michael Saporito and Jesse Armstead, Defendants in the *Lia* Lawsuit. Willis believed and alleged that Don Lia was an undisclosed owner-investor in the proposed Hamilton dealership. Lia's involvement was expressly and adamantly denied repeatedly and under oath by Lia, Saporito, and Armstead, as well as by American Honda Motor Co., Inc., a defendant in the *Willis* Lawsuit. At the close of the administrative hearing, Lia was found to be uninvolved – presently or prospectively – in any aspect of the Hamilton dealership proposal – a finding that drove the ultimate outcome, affirmed on appeal.

In the *Lia* Lawsuit, Lia has now confirmed in a Verified Complaint that Willis' allegations in the administrative hearing were accurate. In the Protest Action, therefore, Saporito's and Armstead's sworn defenses and testimony, based on Lia's alleged non-involvement, were fabricated in furtherance of a well-planned and orchestrated conspiratorial scheme. *See* RICO allegations in the *Willis* Lawsuit. According to Lia, in 2003, he, Saporito and Armstead secretly entered into a notarized agreement through which Lia now claims he is owed 75% ownership interest in Hamilton Honda and 100% of the realty, by virtue of his $10,000,000 investment. Lia avers that there was a reaffirming 2006 agreement, signed by Saporito but not Armstead.

---

[1] Willis' and Davis' Complaint contains a comprehensive recitation of the facts underlying their claims. *See Willis* Lawsuit, ECF Doc. No. 1 ¶¶ 15-23, 28-61.

The verified allegations in the *Lia* Lawsuit directly contradict the sworn testimony of Lia, Saporito and Armstead in the New Jersey administrative proceeding. They confirm powerfully the *prima facie* RICO case in the *Willis* Lawsuit. In the Protest Action, Lia, Saporito, and Armstead all swore affirmatively that Lia had no interest at all in the proposed dealership which became Hamilton Honda. Excerpts of relevant testimony appear in the *Willis* Lawsuit.

As more fully set forth in the *Willis* Lawsuit, all parties in the *Lia* Lawsuit are identified as RICO defendants, and the pleadings of the *Lia* Lawsuit are excerpted at length to establish, in part, the factual foundations of the causes of action. The *Willis* Lawsuit also names American Honda Motor Co., Inc. as a defendant on counts for breach of fiduciary duty and negligence.

In addition to the intervention of Willis and Davis in the *Lia* Lawsuit, the *Lia* and *Willis* Lawsuits should be consolidated under Federal Rule of Civil Procedure 42. Both cases will involve the same discovery and both seek at least one similar remedy *i.e*, the disposition of Hamilton Honda's business and realty. Further, both matters are at an early litigation stage and there would be no delay or prejudice to any of the parties. Indeed, judicial economy is also well served, because both matters will require the same witnesses and evidence.

# LEGAL ARGUMENT

## POINT I

### THE CASE FOR INTERVENTION BY WILLIS AND DAVIS IS MANIFEST: THE ALLEGATIONS IN BOTH CASES COVER THE SAME MATTERS; INTERVENORS HAVE A PROFOUND STAKE IN THE *LIA* LAWSUIT BECAUSE THEIR CLAIMS COULD BE IMPAIRED IN THEIR ABSENCE AND THE PRESENT PARTIES WILL NOT REPRESENT THE INTERESTS OF WILLIS AND DAVIS.

The Federal Rules of Civil Procedure provide for intervention as a matter of right:

> Upon timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Although this rule should be liberally construed, *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992), the facts here do not make for a close call. The *Lia* Lawsuit and the *Willis* Lawsuit rest upon the same factual foundations, but seek virtually opposite legal outcomes. The right of Willis and Davis to intervene is compelling.

A Rule 24(a)(2) applicant for intervention must satisfy four requirements: (1) the application must be timely; (2) the putative intervenor must have a direct, substantial, and legally protectable interest in the proceeding; (3) the putative intervenor's interest is subject to impairment by the disposition of the action without the applicant's involvement; and (4) the putative intervenor's interest cannot be represented adequately by any existing party to the action. *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990); *Bridgeport Guardians, Inc. v. Del Monte*, 602 F.3d 469, 474-75 (2d Cir. 2010); *The Louis Berger Group v. State Bank of India*, 2011 U.S. Dist. LEXIS 89120 (S.D.N.Y. August 9, 2011); *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 2010 U.S.

Dist. LEXIS 44202 at *6 (N.D.N.Y. May 6, 2010). The motion of Willis and Davis to intervene should be granted because it exceeds requirements of the Rule.

### A. Timeliness

The *Lia* Lawsuit was removed to this Court on July 27, 2011. The *Willis* Lawsuit was filed here on August 25, 2011, identifying the *Lia* Lawsuit as a related matter. Lia seeks, *inter alia*, a 100% interest in real property located in Hamilton, New Jersey, and 75% of the Hamilton Honda dealership. During 2004-2006, Willis litigated the propriety of awarding the Hamilton Honda dealership to Armstead and Saporito in a New Jersey administrative proceeding and subsequent appeals. Willis raised the issue of Lia's then secret involvement in the ownership of the Hamilton Honda dealership and realty, but the administrative law judge believed the false testimony of Lia, Saporito and Armstead and rejected the Willis position. *See Willis* Lawsuit at ¶¶ 138-154; 164-169. For reasons enumerated in the *Willis* Lawsuit, a finding that Lia <u>was</u> an undisclosed owner would have changed the result of the New Jersey litigation.

The motion to intervene comes only two months after the *Lia* Lawsuit disclosed the existence of secret agreements that belie the sworn testimony of Lia, Saporito, and Armstead. Both cases are so new that issue has not been joined in either at this time, although dismissal motions are pending in the *Lia* Lawsuit.[2] Thus, the timeliness factor weighs entirely in favor of intervention.

### B. Interest in the Proceeding

Second, Willis and Davis must demonstrate interests relating to the property or transaction that is the subject matter of the present action. *Bridgeport Guardians, Inc.*, 602 F.3d at 474-75; *see also Restor-A-Dent Dental Labs., Inc. v. Certified Allied Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984); *Louis Berger Group*, 2011 U.S. Dist. LEXIS 89120 at *9. Here, the

---

[2] At this time, Movants do not have access to Saporito's or Armstead's motion papers.

facts and circumstances underlying both cases are virtually identical. A protectable interest must be "direct and immediate," as opposed to "remote or contingent." *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986). Rule 24(a)(2), however, does not require a "property interest but, rather, 'an interest relating to the property or transaction which is the subject of the action.'" *Niagara Mohawk* at *6.

A finding for Lia in the *Lia* Lawsuit would conflict with a remedy in favor of Plaintiffs in the *Willis* Lawsuit. Willis and Davis have a significant protectable interest in the ownership rights in Hamilton Honda, as well as in the revenues of the store since its opening in 2009.

In the *Lia* Lawsuit, Lia now seeks explicit recognition of his majority ownership of Hamilton Honda and of all the related realty. The *Lia* Lawsuit cites and quotes from a notarized agreement among Lia, Saporito and Armstead executed in 2003, two years prior to the Protest Action. *See Lia* Lawsuit ¶¶ 30-31.

Willis' and Davis' interests are direct and immediate because they seek, *inter alia*, a rescission of the award of the Hamilton Honda dealership to Saporito. Willis and Davis seek, *inter alia*, ownership of Hamilton Honda and the realty on which it operates. Thus, the different plaintiffs in the two litigations essentially seek a form of specific performance as to a unique business with underlying realty.

C.  **Likelihood of Impairment**

Third, Willis and Davis must show that an "unfavorable disposition of the litigation may impair their interest." *Restor-A-Dent*, 725 F.2d at 874. Movants must show only "that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest...", Fed. R. Civ. P. 24(a)(2), and "this language makes clear that the issue that must be considered is not one of res judicata but simply the degree to which the applicant may be

'practically harmed' by a judgment in [the] pending action." *Home Ins. Co. v. Liberty Mutual Ins. Co.*, 1990 U.S. Dist. LEXIS 15762, *12 (S.D.N.Y. 1990).

In the instant case, as a practical matter, resolution of the *Lia* Lawsuit could prejudice or unduly delay or complicate Willis' and Davis' claims for ownership interests in the Hamilton Honda dealership. In other words, their interests may be "impaired or impeded" by the *Lia* lawsuit. *Niagara Mohawk* at *6. It is not even possible for the Court to accommodate the dueling specific performance prayers contemplated in both actions. Thus, Willis and Davis have protectable interests that could be impaired by their absence in the *Lia* Lawsuit.

D. **Intervenors Not Otherwise Protected**

Fourth, Willis and Davis must also demonstrate that their interests are not adequately protected by an existing party. *Restor-A-Dent*, 725 F.2d at 874; *The Louis Berger Group*, 2011 U.S. Dist. LEXIS 89120 at *9 ("[a] party need only show 'that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal' "). In considering this requirement, "intervention should be allowed unless it is clear that a present party will provide adequate representation for the proposed intervenor's interest." *Home Ins. Co.*, *supra* at *16, *citing Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 112-13 (D.C. Cir. 1985), *aff'd*, 784 F.2d 1131 (D.C. Cir. 1986); *see also Niagara Mohawk* at *6.

Willis and Davis seek, *inter alia*, ownership of the Hamilton Honda dealership and realty, as does Lia. Thus, Lia seeks a diametrically opposite result on his own behalf. It is not remotely thinkable that the *Lia* Lawsuit would protect any interests of Willis and Davis. The interests are adverse. *See United States v. Int'l Bus. Mach. Corp.*, 62 F.R.D. 530, 538 (S.D.N.Y. 1976) (the requirement of showing inadequacy of representation is satisfied where there is a showing of collusion, adversity of interest, possible nonfeasance or incompetence); *Oneida Indian Nation of Wis. v. State of N.Y.*, 732 F.2d 259 (2d Cir. 1974), *cert. denied*, 474 U.S. 823 (1985) (ordering

intervention where parties' interests diverged from proposed intervenor's interest). Willis' and Davis' interests cannot be adequately protected by the existing parties.

Further, discovery is both matters will involve identical or substantially similar documents requests, interrogatories, and depositions. Permitting Willis' and Davis' intervention in this case will save resources and litigation expense.

Accordingly, Willis and Davis meet all four requirements of Federal Rule of Civil Procedure 24(a) permitting intervention in the *Lia* Lawsuit as a matter of right.

## POINT II

### THIS COURT, IN ITS DISCRETION, SHOULD PERMIT WILLIS AND DAVIS TO INTERVENE IN THIS CASE BECAUSE THERE ARE COMMON QUESTIONS OF LAW AND FACT, AND INTERVENTION WILL NOT UNDULY DELAY OR PREJUDICE THE ADJUDICATION OF THE ORIGINAL PARTIES' RIGHTS.

The Court may permit intervention, in its discretion, under Federal Rule of Civil Procedure 24(b). The Rule provides:

> [u]pon timely application anyone may be permitted to intervene in an action … (2) when an applicant's claim or defense and the main action have a question of law or fact in common …. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b); *see also The Louis Berger Group*, 2011 U.S. Dist. LEXIS 89120 at *11. Having already satisfied the requirements of Rule 24(a), it follows that Willis' and Davis' request for intervention "would also satisfy the requirements for permissive intervention." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 395 n.5 (D.N.J. 1997).

A court may grant permissive intervention when the application is timely and the "applicant's claim and the main action share a question of law or fact in common." *United States v. City of N.Y.*, 198 F.3d 260, 267 (2d Cir. 1999). As set forth above, Willis' and Davis' application to intervene is timely. Further, the ownership of the Hamilton Honda dealership and

8

associated realty is a common question of law, fact, and equity between the *Willis* and *Lia* Lawsuits.

It is also recognized that "[p]ermissive intervention may be permitted where the intervenor has an economic interest in the outcome of the suit." Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 1911 at 357 (2007). The *Willis* Lawsuit clearly invokes an economic interest for Willis and Davis in the Hamilton Honda dealership and realty which are the subjects of the *Lia* Lawsuit. *See Willis* Lawsuit.

There will be no prejudice to any of the parties. The *Lia* Lawsuit was recently filed in July 2011. The defendants have not yet answered, but instead have filed motions to dismiss. Permitting Willis and Davis to intervene at this early stage of the litigation will not prejudice the parties.

## POINT III

### THE *LIA* AND *WILLIS* LAWSUITS INVOLVE COMMON QUESTIONS OF LAW AND FACT. CONSOLIDATION UNDER FEDERAL RULE 42(a) IS APPROPRIATE TO AVOID UNNECESSARY COST OR DELAY.

Consolidation of the *Lia* and *Willis* Lawsuits is proper under Rule 42(a) of the Federal Rules of Civil Procedure because the actions involve common questions of law and fact, and because consolidation will avoid unnecessary costs and delay. Consolidation will not prejudice any party. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Both lawsuits involve, *inter alia*, factual and legal issues related to the 2003 Lia-Saporito-Armstead agreement, and what happened thereafter. Both actions will contemplate the testimony of the same witnesses, namely, Don Lia, Jesse Armstead, Michael Saporito, Honda

9

employees, and David Davis, President of Willis. The same documents will be evidentiary in both cases as well. Both actions involve substantially the same parties; the exception is the addition of American Honda and the Does in the *Willis* Lawsuit.

In deciding whether to consolidate actions under this rule, courts must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidation would merely join the cases which seek at least one similar remedy, the ownership of Hamilton Honda – a specific performance remedy that cannot possibly be awarded to both sets of plaintiffs. Consolidation would not result in no confusion. Even if, *arguendo* and contrary to the facts, there were a risk of prejudice, the burden on the judiciary, the parties and the witnesses will be significantly greater if the actions proceed separately, outweighing any risk of prejudice. The *Willis* Lawsuit involves mostly the same parties as those named in the *Lia* Lawsuit, most or all of whom will be necessary witnesses in both actions. The only non-common party is American Honda who is named as a defendant in the *Willis* Lawsuit (in addition to the Does). Nevertheless, the actions share common factual and legal issues as both actions relate directly to the establishment of the Hamilton Honda dealership and the litigation process would double the risk of prejudice and confusion of multiple cases.

Thus, under Federal Rule of Civil Procedure 42, the *Lia* and *Willis* Lawsuits should be consolidated.

## CONCLUSION

For the foregoing reasons, this Court should enter an Order permitting Willis Honda's intervention into this matter and consolidate this matter with the lawsuit entitled *W&D Imports, Inc. v. Lia*, Case No. CV-11-4144 (E.D.N.Y. Aug. 25, 2011).

Dated: September 21, 2011

*/s/ Eric L. Chase*

ERIC L. CHASE, ESQ.
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York 10004
(212) 425-9300
echase@bressler.com
Attorneys for W&D Imports, Inc.
d/b/a Willis Honda and David Davis

1360935_1